IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RITA McCORKLE                                                                          PLAINTIFF

v.                                    Civil No. 04-4136

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                DEFENDANT

## **MEMORANDUM OPINION**

**Factual and Procedural Background:**

Plaintiff, Rita McCorkle, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her applications for disability insurance benefits (hereinafter "DIB"), and disabled widow's benefits (hereinafter "DWB"), pursuant to §§ 216(i), 202(e) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*.

Plaintiff was 53 years of age at the time of the administrative hearing and has a twelfth grade education (T. 21, 68, 101). She has past relevant work as a clerk/florist and cafeteria clerk (T. 63, 71). Plaintiff asserts disability due to: degenerative joint disease; arthritis of the feet, hands, back, neck and shoulders; asthma; headaches; vision difficulties; edema; ulcer; hypertension; depression; and, fatigue.

The Social Security Administration denied plaintiff's applications initially and upon reconsideration. She then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on October 8, 2003 (T. 30-41). The ALJ rendered unfavorable decisions on October 30, 2003 (T. 15-21). By Order entered August 26, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decisions

(T. 5-7), thus making the ALJ's decisions the final decisions of the Commissioner. Plaintiff now seeks judicial review of those decisions.[1] See *42 U.S.C. § 405(g)*. Each party has filed an appeal brief, herein (Doc. #9 & 10), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent

---

[1] The original administrative record, filed on December 23, 2004, includes only the ALJ's decision on the DIB application. However, the ALJ notes in that decision that a copy of the DWB decision "is attached." (T. 16). It was not, however, attached. The defendant filed her Appeal Brief on April 20, 2005, in which she stated that due to the status of the administrative record at the time, "[b]efore the District Court, Defendant Commissioner is limited to defending the October 30, 2003, ALJ decision that is in the administrative transcript." (Doc. #10, p. 3) On May 23, 2005, the defendant filed a supplemental transcript, which included the ALJ's decision on the DWB application, rendered the same date as the DIB decision. Because of the undersigned's ultimate decision herein, this somewhat confusing set of circumstances does not have a significant effect on the proceedings. Both applications were filed on the same date and the decisions were rendered on the same date, by the same ALJ. Each decision states that the decision on the companion application is attached And finally, the Appeals Council Order denying plaintiff's request for review of the hearing decisions references the plaintiff's, and the plaintiff's widower's social security numbers, indicating that both applications are before the undersigned for *de novo* review (T. 5-8).

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*. A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the

record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995); *see also Baker v. Sec. of HHS*, 955 F.2d 552, 555 (8th Cir.1992). The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d at 1322.

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must

AO72A
(Rev. 8/82)

determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir.1987). The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, 783 F.2d at 130 (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, 783 F.2d at 131 (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt.*

*404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite her limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of her limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995);* 20 C.F.R. §§416.945(a).

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id.* at 350. See also, *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir.1999); *Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir.1997); *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir.1997).

**Discussion:**

The plaintiff contends that the instant matter should be remanded for the following reasons: the Commissioner erred in her analysis of plaintiff's credibility; the ALJ failed to acknowledge both exertional and non exertional limitations, resulting in an improperly assessed residual functional capacity (hereinafter "RFC"); and, the ALJ failed to have a vocational expert (hereinafter "VE"), present to assess plaintiff's limitations and their effect on her RFC (Doc. #9, p. 2).

The plaintiff alleges, and the record documents the report of numerous subjective complaints and nonexertional limitations, including: headaches (T. 32, 138, 33, 62, 83, 94, 100, 102, 151, 139, 136); fatigue (T. 81, 100, 101, 150, 145); asthma/shortness of breath (T. 120-125, 116, 117-125, 32, 40, 62, 81, 106, 112, 152, 147, 146, 142, 138); edema (T. 32, 35, 34, 81, 92, 94, 99, 100, 111, 139, 137); vision difficulties (T. 134, 34, 32, 38, 39, 81, 92, 102); depression (T. 33, 92, 94, 100, 101, 153, 150); and, pain. Further, the plaintiff testified to a lack of both insurance and, a lack of financial resources for treatment and medication. She relies largely on sample medications to treat her conditions (T. 31, 32, 148, 146, 145, 142, 140, 138, 137). Throughout the record, there are reports of numerous incidences of side effects from various medications (T. 64, 81, 100, 110, 109, 108, 140, 139).

Moreover, the objective medical evidence contains documentation of conditions that could reasonably be expected to produce pain and limitations of the level and degree plaintiff claims (T. 110, 111, 137, 140, 142, 143, 157, 108, 32, 38, 40, 62, 81, 92, 102, 106, 108, 157,

AO72A
(Rev. 8/82)

149, 148, 141, 92, 112, 147, 116, 83, 102), to include degenerative joint disease, arthritis, an ulcer and hypertension. See *Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.199)*. The ALJ who determines that a plaintiff's testimony as to pain is not credible must make specific findings explaining that conclusion. E.g., *Baker v. Secretary of Health and Human Services, 955 F.2d 552, 555 (8th Cir.1992)*.

Notwithstanding, with respect to her subjective allegations and nonexertional limitations, the ALJ finds plaintiff's complaints of pain not credible stating, in part:

> She had no emergency room visits or hospitalizations for excruciating pain not otherwise relieved by Vioxx (List of Medications (Exhibit 9E)). In addition, the List of Medications did not reveal she took any prescribed pain medication. The next factor involves a discussion of the type, dosage, effectiveness and any alleged adverse side effects of pain medication. When she complained to her doctor about medication side effect of upset stomach, her medication was changed. She did not testify to any medication side effects. In fact, she testified that the medication helped.
>
> Finally, any restrictions in the claimant's activities of daily living due to pain or other subjective factors must be evaluated. According to the record, despite all of her alleged severe impairments, she cared for all her personal needs, cooked, did dishes, laundered, changed sheets, ironed, vacuumed/swept, took out trash, drove, went shopping, to Church, and to visit family members (Exhibit 7E).

(T. 18).

However, a careful reading of the administrative record belies the contention that plaintiff has not reported side effects to her physicians, and documents that side effects have necessitated medication adjustment on more than one occasion, and not always satisfactorily. The undersigned acknowledges that plaintiff reported on November 11, 2002, that she was experiencing a "good" response to her medication for joint pain, however, on this same date she reported only a "fair" response to medication for hypertension (T. 111). In addition, the record

clearly indicates that the plaintiff did take prescription pain medication, when she could obtain such (T. 67, 69, 81, 100, 105, 110).

The ALJ fails to mention, let alone discuss the plaintiff's assertions as to the lack of money and insurance, in his decision. This constitutes error, particularly in light of the fact that the ALJ discounted the plaintiff's subjective complaints and nonexertional limitations. The ALJ's decisions must be remanded on this basis.

Certainly, the failure to follow a prescribed course of treatment may be excused by a plaintiff's lack of funds. *Tome v. Schweiker, 724 F.2d at 714*. Nonetheless, medicine or treatment an indigent person cannot afford is no more a cure for her condition than if it had never been discovered. To a poor person, a medicine that she cannot afford to buy does not exist. *Dover v. Bowen, 784 F.2d 335, 337 (8th Cir.1986); Benson v. Heckler, 780 F.2d 16, 18 (8th Cir.1985); Tome v. Schweiker, 724 F.2d at 714*. Upon remand, the ALJ is directed to fully assess the impact, if any, that plaintiff's lack of finances has on her ability to obtain frequent/aggressive medical treatment, and particularly, prescription medication. At the very least, the ALJ must indicate his consideration of such factor.

Because the ALJ's credibility assessment is evidentially deficient, in that a requisite issue appears not to have been considered, substantial evidence does not support his subsequent decision to use the Medical-Vocational Guidelines as a framework for decision making, without input from a VE, in determining that plaintiff was not disabled (T. 20). This finding pertains to the appeal of both applications

The Court recognizes that the ALJ's decision may be the same after proper analysis on remand, but proper analysis is required. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th*

AO72A
(Rev. 8/82)

*Cir.1991).*

**Conclusion:**

Accordingly, we conclude that the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. We further conclude that this matter should be remanded to the Commissioner for reconsideration, to include a more thorough analysis and discussion of plaintiff's subjective complaints and nonexertional limitations, particularly in light of her asserted, well documented financial difficulties.

ENTERED this 30th day of March, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**